■ JOAN V. BALDWIN, Respondent, v. CLARENCE J. BALDWIN, Appellant.— In an action by a wife for a judicial separation, the defendant husband appeals

from so much of a judgment of the Supreme Court, Richmond County, entered February 10, 1965 upon the court's formal decision after a nonjury trial, granting a separation to the wife, dividing between them the custody of their two infant children — a daughter and a son, and requiring the defendant to make specified payments, as: (1) directed him to pay to the wife $20 per week for the daughter's support; (2) directed him to pay to the wife $600 as an additional counsel fee for her attorney; (3) directed him to pay to the wife $420 arrears due on a prior court order; and (4) granted to the wife certain visitation rights or partial custody with respect to the son. Judgment modified on the facts as follows: (1) by striking out from the fifth decretal paragraph the provision granting the wife custody of the son " during the summer vacations from school; " the provision directing the defendant to deliver the boy to the mother on the day following the termination of the school year; the provision directing the mother to return the boy to the defendant at the end of the Summer vacation period; and the provision granting to the defendant the right to visit with the son at the mother's residence during such Summer vacation periods; and (2) by substituting therefor a provision to the effect that during the Summer vacations from school the defendant shall continue to have the custody of the son, except that during such Summer vacations: (a) the mother may have the exclusive custody of the son for any two-week period designated in writing by her, with the right to take him away on vacation trips for such two-week period; and (b) the mother's rights of visitation with the son on alternate week ends, before and after said two-week period, shall continue during such Summer vacations from school. As so modified, the judgment insofar as appealed from, is affirmed, without costs. The following additional finding of fact is made: That during the Summer vacations from school it would be in the son's best interests to remain in the defendant's custody except for a two-week period to permit the mother to have his exclusive custody in order to be able to take him and the daughter away together for a reunion and for short vacation excursions. In our opinion, in the light of the circumstances of the respective parties and their existing relationship, no useful purpose would be served by compelling the son to spend the entire Summer vacations from school with the mother and giving her virtually complete custody over him for such extended periods. Such a change would be inimical to the welfare of the boy. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.